The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JAMES L. MILLER AND RACHEL B. MILLER, | CASE NO. 10-60119 |
| | ADV. NO. 10-6036 |
| Debtors. | JUDGE RUSS KENDIG |
| HOLMES LUMBER & BUILDING CENTER, INC., | |
| Plaintiff, | |
| v. | MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION) |
| JAMES L. MILLER, | |
| Defendant. | |

On August 13, 2010, Plaintiff filed a motion for summary judgment on the three counts of its complaint. Defendant filed a response on August 13, 2010.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

Defendant is a member of J & R Signature Properties, LLC ("J & R"). He also is involved in Triad Roofing, Inc. ("Triad"). Prepetition, Triad and/or Defendant obtained goods from Plaintiff without paying for the goods in full. Plaintiff filed a complaint seeking recovery of the monies owed in the New Philadelphia municipal court. The parties entered into a consent judgment on or about July 27, 2009 whereby Defendant and Triad agreed to pay $8,873.00 on or before January 1, 2010 at an annual interest rate of five percent. As part of the agreement, Plaintiff agreed to hold execution of the judgment until after January 1, 2010, but was permitted to file a certificate of judgment. Additionally, the agreement granted Plaintiff a consensual lien and mortgage on property owned by J & R, located at 3858 Stevenson St., Midvale, Tuscarawas County ("Stevenson property").

A Certificate of Judgment for Lien on the Stevenson property was recorded on September 28, 2009 in the Tuscarawas County Court of Common Pleas. However, prior to the recording, on August 14, 2009, the Stevenson property was sold.

Defendant filed a joint chapter 13 petition with his wife on January 15, 2010. Plaintiff was listed as a creditor on Schedule F in the amount of $8,873.00 from a judgment. Plaintiff filed a proof of claim on January 27, 2010, claiming an unsecured debt of $9,178.06. Plaintiff initiated an adversary complaint on April 19, 2010, alleging the debt was nondischargeable under section 523(a)(2), (4) and (6) and that Defendant's discharge should be denied under 11 U.S.C. § 727(a)(2), (4), and (5).

## LAW AND ANALYSIS

After reviewing Plaintiff's motion for summary judgment, the court interprets Plaintiff's argument to be one of fraud *per se*. Plaintiff suggests that the entry of a consent judgment, in which Defendant agrees to repayment of the debt and grants a consensual lien in the Stevenson property, and then sells the Stevenson property prior to the recording of the lien, is a fraud as a matter of law. However, Plaintiff cites no authority in support of this contention. At no point does Plaintiff undertake an analysis of the facts, case law or the standards or elements of its claims. Notably, the only case cited by Plaintiff discusses summary judgment. Defendant opposes summary judgment, remarking that Plaintiff fails to prove the elements of its causes of action. Defendant is clearly correct.

Federal Rule of Bankruptcy Procedure 7056 adopts Federal Rule of Civil Procedure into bankruptcy practice. Under the rule, "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed.R.Civ.P. 56(a). A court can grant movant summary judgment "if the pleadings, the

2

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden on a motion for summary judgment, tasked with the obligation of "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the movant also bears the burden of persuasion on an issue, this initial showing means movant is required to demonstrate all essential elements of its claim. *See* Prestige Capital Corp. v. Michigan Gage and Mfg., LLC, 2010 WL 2787438 (E.D. Mich. 2010) (reporter citation not yet available); Brixey v. Confer (In re Confer), 277 B.R. 374 (Bankr. S.D. Ohio 2002). Once movant meets its initial burden on a motion for summary judgment, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). Review of the evidence on a motion for summary judgment is taken in the light most favorable to the non-movant, with all reasonable inferences also drawn in favor of the non-movant. *See* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 547, 587 (1986).

Plaintiff moves for summary judgment on all three counts of its complaint. Each count will be examined individually.

I. **Count I**

A. **11 U.S.C. § 523(a)(2)(A)**

Section 523(a)(2)(A) provides an exception to discharge for debts incurred by false pretense, false representation, or actual fraud. In the Sixth Circuit, a creditor must prove four elements to succeed on a 523(a)(2)(A) claim:

> (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false misrepresentation; and (4) its reliance was the proximate cause of the loss.

Rembert v. AT&T Universal Card Svcs (In re Rembert), 141 F.3d 277, 280-81 (6th Cir. 1998) (citing Longo v. McClaren (In re McLaren), 3 F.3d 958, 961 (6th Cir. 1998)). The burden of proof rests with the creditor, who must prove the elements by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279 (1991).

3

Plaintiff contends that Defendant received an "extension of credit" via the consent judgment in return for the promise to allow a mortgage to be placed on the Stevenson property. As an initial matter, Plaintiff failed to demonstrate that forbearance agreements of this nature constitute extensions of credit under 11 U.S.C. § 523(a)(2). *See, e.g.,* Bremer Bank v. Wyss (In re Wyss), 355 B.R. 130 (Bankr. W.D. Wis. 2006) (citations omitted) (discussing cases in favor and against Plaintiff's proposition). This court has not previously examined this issue and is not inclined to accept Plaintiff's proposition without further analysis, which is absent.

Plaintiff also fails to adequately address any of the remaining three elements. Plaintiff's motion references two facts: Debtor's participation in the consent entry wherein he agrees to permit a lien on the property, and his subsequent sale of the property. The mere fact that the transaction may look bad does not satisfy the elements of a 523(a)(2) claim. The determination of whether a debtor possessed an intent to deceive is gauged by a subjective standard. Rembert, 141 F.3d 277, 281 (citing Field v. Mans, 516 U.S. 59, 70-72 (1995)). Because direct evidence of an intent to deceive is rarely present, courts may use circumstantial evidence. *See* Hamo v. Wilson (In re Hamo), 233 B.R. 718 (B.A.P. 6th 1999). Plaintiff points to no other evidence. Debtor did not admit to an intent to deceive and Plaintiff's failure to provide a record of circumstantial evidence leaves the court with the inability to infer an intent to deceive.

Debtor points out Plaintiff's failure to develop any showing on the element of reliance. To establish this element, the Plaintiff must demonstrate that it justifiably relied on Debtor's agreement. *See* Field v. Mans, 516 U.S. 59. This prong is also subjective and, similar to the second element, may be shown by the surrounding circumstances of each transaction. *See* Haney v. Copeland (In re Copeland), 291 B.R. 740 (Bankr. E.D. Tenn. 2003) (citing In re McCoy), 269 B.R. 193 (Bankr. W.D. Tenn. 2001)). Neither the complaint or the motion for summary judgment reference reliance. Plaintiff failed to make an initial showing of the absence of genuine issues of material fact in its motion for summary judgment.

### B.  11 U.S.C. § 727(a)(2)(A)

Plaintiff's first count contains a claim under 11 U.S.C. § 727(a)(2)(A). The motion for summary judgment states Plaintiff is seeking summary judgment on all three counts of the complaint. In his answer, Debtor stated that Plaintiff failed to state a cause of action under section 727(a) because this was a chapter 13 proceeding. Debtor is correct. Discharges in chapter 13 are governed by 11 U.S.C. § 1328. This claim will be dismissed by the court *sua sponte*.

### II.  Count II

Under 11 U.S.C. § 523(a)(4), a debt can be nondischargeable when incurred by "fraud

4

or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." According to Plaintiff, while acting as a fiduciary of J & R, Plaintiff was induced to rely on Debtor's representations, to Plaintiff's detriment. As Debtor accurately points out, the mere existence of a fiduciary relationship is not sufficient, but an express or technical trust relationship must also be present. *See* R.E. America, Inc. v. Garver (In re Garver), 116 F.3d 176 (6th Cir. 1997). Plaintiff has presented no arguments that entry of the consent judgment created an express or technical trust to satisfy this requirement. Consequently, Plaintiff did not establish a foundation for summary judgment on its claim under section 523(a)(4).

### III.   Count III

Plaintiff's final count is for a finding of nondischargeability under 11 U.S.C. § 523(a)(6). This provision excepts debts incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity" from discharge. Plaintiff cursorily states the "facts additionally lead to the conclusion that Defendant committed the foregoing acts willfully in order to injure Plaintiffs and/or its property." (M. Summ. Judg. p. 5). Debtor points out the absence of any evidence in the record that support the conclusion that Debtor intended to injure Plaintiff. The court finds that there is a more pressing problem.

Section 523(a)(6) debts are covered by a general discharge in chapter 13 cases. *See* 11 U.S.C. §§ 1328(a) and 523(a). Nondischargeability under 11 U.S.C. § 523(a)(6) only comes in to play in a chapter 13 case if a debtor seeks a hardship discharge under 11 U.S.C. § 1328(b). *See* 11 U.S.C. §§ 1328(b) and 523(a). Federal Rule of Bankruptcy Procedure 4007 directly addresses dischargeability complaints for section 523(a)(6) claims in chapter 13 cases. The rule provides that "[o]n motion by a debtor for a discharge under § 1328(b), the court shall enter an order fixing the time to file a complaint to determine dischargeability of any debt under § 523(a)(6) and shall give no less than 30 days' notice of the time fixed to all creditors in the manner provided in Rule 2002." As a result, the court finds that the count under section 523(a)(6) is not ripe. Count three will be dismissed without prejudice to refiling a complaint in the event Debtors seeks a hardship discharge under 11 U.S.C. § 1328(b).

### CONCLUSION

When a party moves for summary judgment, it carries a burden to make a preliminary showing of its entitlement to relief by showing the absence of a genuine issue of material fact and the entitlement to judgment as a matter of law. When the party also bears the burden of persuasion on the elements at issue, the movant's burden intensifies. Here, Plaintiff failed to meets its burden. Plaintiff failed to demonstrate the existence of any elements of a section 523(a)(2)(A) and 523(a)(4) claims and also failed to demonstrate that it was entitled to a judgment as a matter of law. Plaintiff's claim under 11 U.S.C. § 727(a) is not appropriate in chapter 13 cases and will be dismissed. Its claim under section 523(a)(6) is not ripe and

5

will also be dismissed, without prejudice.

An order effectuating this decision shall be entered immediately.

# # #

**Service List:**

John A Daily
Daily & Freeman
2475 Massillon Rd
Akron, OH 44312

Ken A Fickey
2475 Massillon Rd.
Akron, OH 44312

Edwin H Breyfogle
108 Third St NE
Massillon, OH 44646